**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| DEBBIE LOUISE GADSDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 5:15-cv-1474-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's (the "Commissioner") decision denying plaintiff Debbie Louise Gadsden's ("Gadsden") claims for disability insurance benefits ("DIB") and supplemental security income benefits ("SSIB"). Gadsden filed objections to the R&R. For the reasons set forth below, the court rejects the R&R, and reverses and remands the Commissioner's decision.

## I.   BACKGROUND[1]

### A.    Procedural History

Gadsden filed an application for DIB in December 2011, alleging disability beginning June 30, 2006. In February 2012, Gadsden filed an application for SSIB alleging a disability beginning June 30, 2005. The Social Security Administration denied Gadsden's applications initially and on reconsideration. Gadsden requested a hearing before an administrative law judge ("ALJ"), and ALJ Richard L. Vogel held a

---

[1] Unless otherwise noted, the following background is drawn from the R&R.

1

hearing on September 20, 2013.   At the hearing, Gadsden amended her alleged onset

date to December 22, 2011.  The ALJ issued a decision on October 21, 2013, finding

Gadsden was not disabled under the Social Security Act.  Gadsden requested Appeals

Council review of the ALJ's decision.  The Appeals Council declined to review the

decision, rendering the ALJ's decision the final action of the Commissioner.

On April 2, 2015, Gadsden filed this action seeking review of the ALJ's

decision.  The magistrate judge issued an R&R on May 17, 2016, recommending that

this court affirm the ALJ's decision.  Gadsden filed objections to the R&R on June 7,

2016, and the Commissioner responded to Gadsden's objections on June 24, 2016.

The matter is now ripe for the court's review.

### B.     Medical History

Because Gadsden's medical history is not directly at issue here, the court

dispenses with a lengthy recitation thereof and instead notes a few relevant facts.

Gadsden was born in March 1963 and was 48 years old at the time of her alleged

disability onset date.  She communicates in English and has one year of college.

On December 22, 2011, Gadsden applied for disability benefits with the

Department of Veterans Affairs ("VA") seeking compensation for various "service-

connected impairments."  Tr. 209–25.  On July 24, 2013, the VA issued a Rating

decision (the "2013 VA Rating") granting Gadsden's claim and assigning a disability

evaluation of 70% for major depressive disorder, 30% for migraine headaches, 10%

for acid reflux, and an overall disability rating of 70% disability.  Tr. 216–19.  The

2013 VA Rating was included in the record at Gadsden's September 20, 2013,

hearing.  The VA issued a new decision on Gadsden's claim for benefits on June 11,

2014, outlining her entitlement to benefits and again assigning disability evaluations

of 70% for major depressive disorder and 30% for migraine headaches.  Tr. 295–301.

Days later, on June 16, 2014, the VA sent a letter certifying that Gadsden was 100%

permanently disabled  (the "2014 VA Rating").  Tr. 302.  The 2014 VA Rating and

the records of a May 2014 Compensation and Pension Exam ("C&P Exam") were

included in Gadsden's submission to the Appeals Council.  Pl.'s Objections 2–3.

### C.    ALJ's Decision

The ALJ employed the statutorily required five-step sequential evaluation

process to determine if Gadsden was disabled between December 22, 2011, and

September 20, 2013, the date of the hearing.  At step one, the ALJ determined that

Gadsden had not engaged in substantial gainful activity during the relevant time

period.  Tr. 31.  At step two, the ALJ found that Gadsden suffered from the following

severe impairments:  depression, migraine headaches, and obesity.  Tr. 31  At step

three, the ALJ determined that Gadsden's impairments did not meet or equal one of

the listed impairments in the Agency's Listing of Impairments ("the Listings").  Tr.

32; see 20 C.F.R. § 404, Subpt. P, App'x 1.  Before reaching the fourth step, the ALJ

determined that Gadsden had the residual functional capacity ("RFC") to perform

light work, as defined by 20 C.F.R. § 404.1567(b), with certain restrictions.  Tr. 34.

More specifically, the ALJ determined that Gadsden could lift and carry up to 20

pounds occasionally and 10 pounds frequently, could stand, walk and sit for six hours

each in an eight hour workday, could never climb, crawl or balance for safety, could

not have exposure to workplace hazards, and should be given a stand/sit option.  Tr.

34.  The ALJ further determined that Gadsden was limited to work in a low stress

environment.  Tr. 34.  At step four, the ALJ found that Gadsden was unable to

perform her past relevant work in the Coast Guard.  Tr. 37.  Finally, at step five, the

ALJ concluded that, considering Gadsden's age, education, work experience, and

RFC, she could perform jobs existing in significant numbers in the national economy,

and therefore concluded that she was not disabled during the period at issue.  Tr. 38

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the

magistrate judge's R&R to which specific, written objections are made.  28 U.S.C.

§ 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions

of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The

recommendation of the magistrate judge carries no presumptive weight, and the

responsibility to make a final determination rests with this court.  Mathews v. Weber,

423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability

benefits "is limited to determining whether the findings of the [Commissioner] are

supported by substantial evidence and whether the correct law was applied."  Hays v.

Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a

mere scintilla of evidence but may be somewhat less than a preponderance."  Id.

(internal citations omitted).  "[I]t is not within the province of a reviewing court to

determine the weight of the evidence, nor is it the court's function to substitute its

judgment for that of the [Commissioner] if his decision is supported by substantial

evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to

whether a claimant is disabled, the responsibility for that decision falls on the [ALJ],"

4

not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)

(internal citation omitted).  However, "[a] factual finding by the ALJ is not binding if

it was reached by means of an improper standard or misapplication of the law."

Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)

### III.   DISCUSSION

Gadsden objects to the R&R on one ground,[2] arguing that under Bird v.

Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012), the ALJ erred in failing

to explain why he gave "little weight" to Gadsden's 2013 VA Rating.  Pl.'s

Objections 1–2.  Gadsden contends that this error was exacerbated by the Appeals

Council's failure to explain whether any weight was given to the 2014 VA Rating.

Pl.'s Objections 1–4.  The Commissioner argues that remand is unnecessary in this

case because (1) the ALJ did not completely ignore the 2013 VA Rating, (2) the

record clearly demonstrates that Gadsden's impairments were not disabling, (3) the

VA's determinations are not binding on the ALJ, and (4) the ALJ sufficiently

explained that the VA Rating was inconsistent with the record.  Def.'s Br. 7–9.

The Fourth Circuit addressed the standards for evaluating VA rating decisions

in Bird, 699 F.3d 337.  The Bird court held that VA rating decisions are entitled to

"substantial weight."  Id. at 343.  This rule recognizes that the Social Security

Administration and the VA share similar "purpose[s] and evaluation

methodolog[ies]," and that VA rating decisions often address the same issues and

evidence addressed under the Social Security Act.  Id.  However, the court also

---

[2] Gadsden technically lists two grounds, but the second ground is simply an assertion that the RFC findings were flawed because the ALJ did not consider the evidence addressed by his first objection.  Pl.'s Objections 4.  This second objection is entirely dependent on the first and does not merit independent discussion.

recognized that VA rating decisions are not binding on the Social Security

Administration, which employs its own standards in evaluating a disability claim.  Id.

Further, the effective dates of coverage must be taken into account when comparing

VA rating decisions with Social Security claims.  Id.  Therefore, the court held that

"an ALJ may give less weight to a VA disability rating when the record before the

ALJ clearly demonstrates that such a deviation is appropriate."  Id.

Courts applying Bird have recognized that it imposes a heightened duty on the

ALJ to explain the weight given to a VA disability rating when the ALJ departs from

the "substantial weight" standard.  See, e.g., Hildreth v. Colvin, 2015 WL 5577430, at

*4 (M.D.N.C. Sept. 22, 2015) (reversing ALJ's decision where ALJ failed to "clearly

demonstrate[] the grounds for departure from the Bird substantial weight standard").

While it may have been sufficient pre-Bird for an ALJ to offer a "conclusory

statement" that the VA rating decision was inconsistent with the record, without any

clarification of what evidence was being referenced or why it qualified as

inconsistent, that approach is no longer valid.  Cobbs v. Colvin, No. 1:12-CV-03472,

2014 WL 468928, at *8 (D.S.C. Feb. 4, 2014); see also Parker v. Colvin, 2015 WL

5561213, at *15 (E.D. Va. Sept. 11, 2015) ("An ALJ must not dismiss the import of

[VA rating] decisions in a conclusory fashion.").  Under Bird, "the ALJ must discuss,

in detail, why or how the VA rating decisions were entitled to only limited weight."

Parker, 2015 WL 5561213, at *15.

Here, the ALJ addresses the 2013 VA Rating as follows:

The undersigned has considered the July 2013 letter from the
Department of Veterans Affairs at exhibit 7D documenting that
claimant has been determined to be 70-percent disabled due to major
depressive disorder, 30-percent disabled due to migraine headaches,
and 10-percent disabled due to acid reflux disease, due to service-

> connected disabilities by that agency. Determinations of disability made by other agencies, however, are not binding on the Social Security Administration or determinative of disability under Social Security Law (20 CFR 404.1504 and 416.904). While the disability rating provided by the Department of Veterans Affairs provides some insight into the severity of claimant's impairments under that agency's regulations, the undersigned assigns it little weight as the medical records in evidence fail to support a conclusion that claimant is disabled under Social Security's regulations.

Tr. 37.

This explanation fails under Bird. First, the ALJ does not even acknowledge that the analysis should start from an assumption that the VA rating decision is entitled to "substantial weight." Bird, 699 F.3d at 343. Similarly, the ALJ's observation that "[d]eterminations of disability made by other agencies, [] are not binding on the Social Security Administration or determinative of disability under Social Security Law" ignores the entire premise of Bird. The Bird court already considered that argument and accounted for it in designing the rule. Thus, there is no need to revisit the argument, and it is error to cite it as a justification for departing from the substantial weight standard. See Hildreth, 2015 WL 5577430, at *3 ("[T]he ALJ's statement that she was 'not bound by' the VA's disability ratings because the VA's disability standards differed from those of the Social Security Administration, [], disregards Bird's holding to the contrary."). The ALJ's second justification is also deficient. As discussed above, it is not enough to simply state that "the medical records in evidence fail to support a conclusion that claimant is disabled under Social Security's regulations." Tr. 37. For this argument to withstand Bird's scrutiny the ALJ must provide enough information for the court to assess what evidence is inconsistent with the VA rating decision and why. Parker, 2015 WL 5561213, at *15.

7

To the extent the Commissioner's arguments were not addressed by the foregoing discussion, the court addresses each in turn. The fact that the ALJ "did not refuse to consider" the 2013 VA Rating is irrelevant insofar as he considered it incorrectly. The fact that, in the Commissioner's estimation, "the evidence clearly demonstrates that [Gadsden's] impairments were not disabling under the Social Security Act" is also beside the point. Even if this assertion were true, the ALJ must still explain why the evidence supports his conclusion to facilitate this court's review. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) (recognizing that "judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."). As noted above, the argument that the VA's determination is not binding has been foreclosed by Bird. Finally, the Commissioner's assertion that the ALJ provided "a valid reason for discounting the [2013 VA Rating]" is simply incorrect. Both the Commissioner and the R&R highlight evidence in the record that undermines the 2013 VA Rating, Def.'s Br. 8–9; R&R at 12–13, but the ALJ did not mention this evidence in his decision. This court's duty is to review the findings of the ALJ. To the extent the ALJ failed to explain his decision, the court cannot explain it for him.

Therefore, remand for further consideration is appropriate. On remand, the ALJ should evaluate the VA ratings in accordance with the standard set forth in Bird. The ALJ should also consider the 2014 VA Rating and any other evidence that has been added to the record.

8

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R,

**REVERSES** the Commissioner's decision, and **REMANDS** the case for further

administrative proceedings.

      **AND IT IS SO ORDERED**.

          **DAVID C. NORTON**
          **UNITED STATES DISTRICT JUDGE**

**September 30, 2016**
**Charleston, South Carolina**